IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | : : : |
| Plaintiff, | : : |
| v. | : : |
| JEFFREY D. REYNOLDS | : : |
| Defendant. | : : |

Case No.: 8:06-cv-1638-T-24 EAJ

## ORDER

This cause comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. No. 2-1).  Upon due and careful consideration of Plaintiff's submissions, Defendant's submissions, and being otherwise advised, the Court does hereby find as follows:

   1.  Under Rule 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the express authority of the United States Court of Appeals for the Eleventh Circuit in <u>American Express Financial Advisors v. Makarawicz</u>, 122 F.3d 936 (11th Cir. 1997), Merrill Lynch has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators.

   2.  Merrill Lynch has shown that there is cause to believe that its rights with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with Defendant Jeffrey D. Reynolds ("Reynolds"), are being and will continue to be violated by Reynolds unless he is restrained therefrom.

    3.    Merrill Lynch has shown that it will suffer irreparable harm and loss if Reynolds is permitted to: (a) convert the property of Merrill Lynch to Reynolds' own personal use and benefit, and that of Reynolds' new employer, Morgan Stanley DW, Inc., ("Morgan Stanley"); and (b) solicit Merrill Lynch clients to transfer their business to a competitor firm.

    4.    Merrill Lynch has no adequate remedy at law.

    5.    Greater injury will be inflicted upon Merrill Lynch by the denial of temporary injunctive relief than would be inflicted upon Reynolds by the granting of such relief.

**IT IS HEREBY ORDERED AND DECREED THAT:**

    (1)    Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. No. 2-1) is **GRANTED**. Merrill Lynch shall post security in the amount of **$25,000** no later than the 7th day of September, 2006.

    (2)    Reynolds shall be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Morgan Stanley, until hearing and thereafter until further Order of this Court, from doing any of the following:

    a)    soliciting or otherwise initiating any further contact or communication with any client of Merrill Lynch whom Reynolds served or whose name became known to Reynolds while in the employ of Merrill Lynch for the purpose of advising said clients of

      his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch (excluding Reynolds' family and relatives);

b) soliciting or otherwise initiating any further contact or communication with any client of Merrill Lynch whose records or information Reynolds used in violation of Paragraph 1 of his Financial Consultant Employment Agreement and Restrictive Covenants.  This specifically includes any client whom Reynolds may have contacted by mail, phone or otherwise through the use of any information obtained by Reynolds while in the employ of Merrill Lynch (excluding Reynolds' family and relatives);

c) using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill Lynch or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

d) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Reynolds' possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain

       to Merrill Lynch clients whom Reynolds served or whose names became known to Reynolds while employed by Merrill Lynch, or which relate to any of the events alleged in the Complaint in this action;

(3) Reynolds, and anyone acting in concert or participation with Reynolds, specifically including Reynolds' counsel and any agent, employee, officer or representative of Morgan Stanley, are further ordered to return to Merrill Lynch's Florida counsel any and all records, documents and/or other types of information pertaining to Merrill Lynch customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Reynolds or his counsel of the terms of this Order;

(4) Any and all Customer Information within the possession, custody or control of Reynolds that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph (3) above shall be permanently deleted by a Merrill Lynch representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. Reynolds, and anyone acting in concert with Reynolds, is

precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Merrill Lynch pursuant to paragraph (3) above;

(5) In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until **5:50 p.m. on September 20, 2006**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

(6) The parties are granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before this Court; and

(7) Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

(8) Pursuant to 28 U.S.C. § 636, Plaintiff's Motion for Preliminary Injunction (Doc. No. 2-2) is hereby **REFERRED** to Magistrate Judge Elizabeth A. Jenkins, who shall hold a hearing on the motion and submit proposed findings of fact and a recommendation as to the appropriate disposition of the motion.

DONE AND ORDERED at Tampa, Florida, at 5:50 p.m. this 6th day of September, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Elizabeth A. Jenkins